# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALLISON STATON<br>217 Radstock Road<br>Baltimore, MD 21228<br><br>               Plaintiff,<br>vs.<br><br>THE CHEFS WAREHOUSE MID ATLANTIC, LLC<br>1300 Viele Avenue<br>Bronx, NY 10474<br><br>Serve On: Resident Agent<br>    CSC – Lawyer's Incorporating Service Company<br>    7 St. Paul Street<br>    Baltimore, MD 21202<br><br>THE CHEFS WAREHOUSE, LLC<br>1300 Viele Avenue<br>Bronx, NY 10474<br><br>Serve On: Resident Agent<br>    CSC – Lawyer's Incorporating Service Company<br>    7 St. Paul Street<br>    Baltimore, MD 21202<br><br>               Defendant. | CASE No.: __18 - 2291__ |

## COMPLAINT

ALLISON STATON (hereinafter "Plaintiff"), by and through her attorneys, Kurt P. Roper, Esq., and the law firm of Staiti & DiBlasio, LLP, files this action against former employer of Plaintiff, Chefs Warehouse Midatlantic, LLC (hereinafter "Defendant") regarding several forms of discrimination against Plaintiff in blatant violation of Federal Law, ultimately resulting in Plaintiff's unlawful discharge, and respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over actions arising under the Constitution and laws of the United States (here, ACA, Title 7) pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### PARTIES

3. Plaintiff is a resident of Baltimore County, Maryland.

4. Defendant is an entity conducting business in food services and they conduct business in Maryland.

5. Plaintiff was employed by Defendant and Plaintiff's place of employment was located in Hanover, MD.

6. Defendant also has a principal place of business located in Anne Arundel County, MD.

## FACTUAL BACKGROUND

7. On or about FEBRUARY, 2017, through AUGUST, 2017, Plaintiff was discriminated against as result of Defendant's refusal to offer her reasonable accommodations within which to express breastmilk which is a violation of the Fair Labor Standards Act as amended by the Affordable Care Act, 29 U.S.C 207(r)(1) (hereinafter when abbreviated, "ACA").

8. Defendant also discriminated against Plaintiff as a result of Plaintiff's pregnancy, namely, by repeatedly demanding/requesting that Plaintiff miss prenatal Doctor's appointments and by making career advancement contingent on not having to deal with tasks incident to pregnancy, which is a violation of the Civil Rights of 1964, Title VII, as amended by the Pregnancy Discrimination Act of 1978 (hereinafter where abbreviated "PDA").

9. Defendant also fostered a harassing and hostile work environment and discriminated against Plaintiff on the basis of her race by refusing to correct behavior of employees of Defendant and co-workers of Plaintiff, and instead Defendant wrongfully terminated Plaintiff rather than rectifying the conduct of the coworkers, which is a violation of the Civil Rights of 1964, Title VII (hereinafter, where abbreviated, Title VII.

10. Defendant's violations of the Federal Law, namely the ACA, PDA and the CRA of 1964, ultimately resulted in retaliation against Plaintiff and her unlawful termination in AUGUST of 2017.

11. Plaintiff filed an EEOC claim and was granted the authority to sue Defendant for their violations of Federal Law. See, Exhibit A.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA) AS AMENDED BY THE AFFORDABLE CARE ACT (ACA)

12. Paragraphs 1 through 11 are incorporated by this reference.

13. Plaintiff gave birth on or about, FEBRUARY, 2017, to her first child, a male.

14. Pursuant to her duties as a parent, Plaintiff was required to breastfeed her son.

15. Indeed, on or about FEBRUARY of 2017, Ms. Staton requested that Defendant provide her with a reasonable accommodation/location to pump/express breastmilk.

16. In response to Plaintiff's request, Defendant not only failed and refused to provide an accommodation/location for Plaintiff to breastfeed, Plaintiff was retaliated against and was prohibited from breastfeeding.

17. Plaintiff's supervisor, Ms. Samantha Kendrick, made the following statement to Plaintiff, "I need you to stop pumping."

18. Defendant never provided a suitable location for Plaintiff to breastfeed.

19. Defendant also made Plaintiff's advancement in the company contingent on stopping pumping, as Ms. Kendrick also stated, "you will be considered for the outside sales position if you stop pumping."

WHEREFORE, Plaintiff demands judgment against Defendant as a result of their violations of her rights pursuant to the FLSA as amended by the ACA in an amount in excess of $75,000.

## COUNT II

## VIOLATION(S) OF TITLE VII OF CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

20. Paragraphs 1 through 19 are incorporated by this reference.

21. Defendant violated Title VII by discriminating against Plaintiff because of her pregnancy.

22. Specifically, Defendant violated Title VII by repeatedly requesting that Plaintiff miss/skip prenatal Doctor's appointments.

23. Moreover, Defendant also made statements indicating that she would advance in the company if she did not have to breastfeed following her pregnancy.

24. Plaintiff timely filed a claim with the EEOC and was granted the authority to sue Defendant. See, Exhibit A.

WHEREFORE, Plaintiff demands judgment against Defendant as a result of

their violations of her rights to be free from pregnancy discrimination in the workplace in an amount in excess of $75,000.

## COUNT III

## VIOLATION(S) OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RACIAL DISCRIMINATION

25. Paragraphs 1 through 23 are incorporated by this reference.

26. Plaintiff was discriminated against on the basis of her race.

27. Plaintiff is Caucasian, several coworkers of Plaintiff were African American.

28. Plaintiff, at times during the course of her employment, made racially neutral comments/complaints to Defendant about conduct that African American coworkers were engaging in, namely, mispronouncing client's names, using improper grammar, not showering prior to work, having an unpleasant body odor, leaving the bathrooms filthy with urine/defecation/menstrual discharge and failing to correct same after Plaintiff sought assistance[1], making threatening gestures with fists and slamming arms/fist onto desks/furniture, among other conduct.

29. Plaintiff was not engaging in racial conduct but was concerned that Defendant would lose clients because of the unprofessional conduct.

---

[1] Plaintiff during this time, was using the restrooms often, as a result of her pregnancy, and she repeatedly requested Defendant to instruct employees to keep the restroom clean, and Defendant failed to take proper corrective action.

30. In response to Plaintiff's efforts to maintain professionalism in the workplace, Defendant targeted and retaliated against Plaintiff, ultimately by refusing to promote her and thereafter terminating her.

31. In summary, Plaintiff was held to a standard of professionalism by Defendant, Plaintiff adhered to said standard, when coworkers (who happened to be African American) were not adhering to the same standard, Plaintiff sought assistance from management for Defendant, Defendant responded by not only refusing to correct the lack of professional behavior, but by retaliating against Plaintiff for placing them in the position of having to discipline their African American employees.

32. Plaintiff timely filed a claim with the EEOC on this charge and was granted the authority to sue Defendant. See, Exhibit A.

WHEREFORE, Plaintiff demands judgment against Defendant as a result of their violations of her rights protecting her from racial discrimination in an amount in excess of $75,000.

## COUNT IV

### WRONGFUL TERMINATION

33. Paragraphs 1 through 32 are incorporated by this reference.

34. Plaintiff was wrongfully discharged as a result of the conduct of the Defendant as characterized more fully, *supra*, Paragraphs 1 through 32.

35. Plaintiff was wrongfully discharged in AUGUST of 2017, after she requested a reasonable accommodation to breastfeed.

36. Plaintiff was wrongfully discharged in AUGUST of 2017, as a result of being discriminated against for her pregnancy.

37. Plaintiff was wrongfully discharged in AUGUST of 2017, after reporting coworker's unprofessional conduct, because Defendant did not want to discipline their employees, harassment complaints were ignored Defendant ultimately retaliated against Plaintiff, resulting in her unlawful termination.

38. Plaintiff timely filed a claim with the EEOC on this charge and was granted the authority to sue Defendant. See, Exhibit A.

WHEREFORE, Plaintiff demands judgment against Defendant as a result of their violations of her rights protecting her from wrongful discharge in an amount in excess of $75,000.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Allison Staton, respectfully requests that the Court grant relief as follows:

A. That judgment be entered in favor of Plaintiff against Defendant on all Counts as outlined more fully above;

B.    That Plaintiff be awarded Attorney's Fees; and

C.    For such other and further relief as the nature of the case may warrant.

Respectfully submitted,

/s/ *Kurt P. Roper, Esquire*

Kurt P. Roper, Esq.
Staiti & DiBlasio, LLP
Federal Bar # 20460
401 Headquarters Drive
Millersville, Maryland 21108
(410) 787-1123
(443) 628-0093 (fax)
kroper@staiti-diblasio.com
*Attorney for Plaintiff*